Law Library of Guam Compiler of Law

## IN THE SUPERIOR COURT
## OF GUAM

FILED
SUPERIOR COURT

2012 JUN 29 PM 3: 38

CLERK OF COURT
BY

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | Criminal Case no. CF0592-10 |
| | ) | |
| v. | ) | **DECISION AND ORDER** |
| | ) | re: Motion for Reconsideration |
| VALENS VALINTINO, | ) | |
| | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on April 24, 2012. The People are represented by Assistant Attorney General Elizabeth Vasiliades. The Defendant is represented by Assistant Public Defender Maria G. Fitzpatrick. After considering the matter presented, the Court now issues the following decision and order denying the Defendant's motion for reconsideration.

## BACKGROUND

On November 17, 2011, the Court denied the Defendant's motion for diversion. The Court held that given the description of the injuries and the nature of the Defendant's conduct there was sufficient evidence to support the assertion that the victim suffered severe or intense physical pain sufficient to constitute serious bodily injury. Thus, the Court found that the Defendant was statutorily ineligible for diversion.

On March 19, 2012, the Defendant filed a motion for reconsideration asking the Court to allow him to enter the Diversion program. Defendant argues that (1) there was no evidence to support the Court's finding that the victim was hit with a belt in the face; (2) Diversion has been offered in similar cases where parents are accused of inappropriate discipline of a child;

(3) a change in circumstance because there is evidence suggesting the Defendant is amenable to treatment; and (4) that he has suffered enough punishment in this case.

## DISCUSSION

Criminal motions to reconsider are permitted and regulated by Rule 7.1(i) of the Local Rules of The Superior Court of Guam, Civil Rules.[1] Super. Ct. Guam Rules 1.1 and 7.1(i) (2008). Rule 7.1 provides,

> A motion for reconsideration of the decision on any motion may be made only in accordance with the Guam Rules of Civil Procedures. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

*Id.* at 7.1(i). In a 2005 criminal case the, Guam Supreme Court, citing a holding from a previous civil case, explained that "'[t]his court has adopted three prongs to justify reconsideration: where the trial court: (1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *People of Guam v. Gutierrez*, 2005 Guam 19, ¶41 citing, *Petition of Quitugua v. Flores*, 2004 Guam 19, ¶ 38.

The weight of authority holds that revisiting issues already addressed and advancing arguments which were otherwise available for presentation is not the purpose of a motion for reconsideration in the criminal context. "A motion for reconsideration is not intended to be a vehicle for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided." *U.S. v. Demosthene*, 326 F.Supp.2d 531, 534 (S.D.N.Y. 2004); *Laguana v. Ishizaki*, 2006 WL 156955, p.4 (D. Guam 2006)(where movant's

---

[1] Rule 1.1 of the same rules applies the local rules to the criminal actions. Super. Ct. Guam Rule 1.1 (2008).

arguments have all been considered and resolved, "further consideration is barred by the 'law of the case doctrine'"); *People v. Hualde*, 1999 Guam 3 ¶17 (reconsideration of legal issues already decided in an earlier ruling absent an intervening change in law or circumstance constitutes an abuse of discretion).

Through its contentions that the Court has made errors of judgment concerning fact and law, the Defendant, for the most part, reiterates the original issues raised at previous hearings. By re-presenting mostly the same arguments, the Defendant persists in attempts to challenge the correctness of the Court's reasoning. Such arguments are properly brought on direct appeal, but do not justify overturning a previously binding decision. *See, e.g. People v. Orallo*, 2006 Guam 8 ¶9 (motion that alleges no more than legal error and merely reiterates the arguments as previously decided by the same court does not "warrant a departure from that decision"). The Defendant has also not brought forward any arguments that were not available for presentation at the initial hearing.

Further, Defendant asserts that the Court erred in its previous decision when it made a finding that the Defendant hit the victim with a belt on his face. Defendant argues there is no evidence to support this finding. The Court disagrees because the Declaration attached to the Magistrate's Complaint provides ample evidence to support a finding that the victim was repeatedly struck with a belt.

Defendant also claims a change of circumstances because the Defendant has shown to be amenable to treatment. The Court however does not find this to be a change of circumstance. Defendant's other arguments brought forward in his motion do not warrant reconsideration by the Court because the arguments do not fall within any of the three prongs to justify reconsideration.

**CONCLUSION**

Based on the foregoing, the court DENIES the Defendant's motion for reconsideration.

Further Proceedings shall be held on _July 13, 2012_ at _9:00 a_ .

SO ORDERED, this _29_ day of _June_ 2012.

Original Signed By:
HON. MICHAEL J. BORDALLO

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

JUN 2 9 2012

Evelyn R. Borja
Deputy Clerk, Superior Court of Guam